

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Elba Jimenez, as Guardian ad litem on Behalf of A.J. (minor)<br><br>        Plaintiff,<br><br>    v.<br><br><br>School District of Philadelphia and Camelot Education and ABC Corporation 1-through 3<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No.<br><br>19    4078<br><br><br>**FILED**<br><br>SEP 04 2019<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

### Petition for Removal

***PLEASE TAKE NOTICE*** that Defendant, Camelot Education (hereinafter "Defendant"), by and through its undersigned counsel hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, *et seq.*, as follows:

1. On January 22, 2019, Plaintiff, Elba Jimenez, as Guardian *ad Litem* on behalf of A.J. (minor) (hereinafter "Plaintiff"), filed a Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed as January Term, 2019, No. 1988.

2. On August 27, 2019, Plaintiff filed a Complaint in the aforementioned action, alleging claims for negligence, assault and battery, and violations of civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

3. Defendant Camelot Education received a copy of the Complaint on or about September 3, 2019.

4.      On September 4, 2019, counsel for the School District of Philadelphia, the only other Defendant identified in the Complaint, concurred to the removal of this action.  A true and correct copy of the September 4, 2019, email showing consent is attached hereto as Exhibit "B".

5.      This Notice of Removal is filed within thirty (30) days after receipt of the Complaint by Defendant Camelot Education.

6.      The United States District Court for the Eastern District of Pennsylvania has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

7.      The proper venue for removal jurisdiction is the United States District Court for the Eastern District of Pennsylvania because it embraces the place where the action is pending and the place where many of the alleged acts and omissions took place

8.      Written notice of the filing of this Notice of Removal is being forwarded promptly to Plaintiffs' counsel and the Prothonotary of the Pennsylvania Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

9.      Defendant does not waive any defenses available under Pennsylvania law by filing this removal.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

By: _____

Rufus A. Jennings, Esquire
Pa. Attorney Identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone:  (215) 587-9400
Fax:      (215) 5879456
Email:  rjennings@dmvlawfirm.com

Attorney for Defendant,
Camelot Education

Date: 9/4/19

## Certificate of Service

I, Rufus A. Jennings, hereby certify that, on the date set forth below, I did cause a true and correct copy of the foregoing Petition for Removal to be served on the following individual via first-class mail:

Elba Jimenez
4618 Leiper Street, Apt. 2B
Philadelphia, PA 19124

Glenn A. Ellis, Esquire
**FREIWALD LAW, P.C.**
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102

Office of General Counsel
**PHILADELPHIA SCHOOL DISTRICT**
440 N. Broad Street, Suite 313
Philadelphia, PA 19130

FILED

SEP 04 2019

KATE BIKMAN, Clerk
Dep. Clerk

Rufus A. Jennings, Esquire

Date: 9/4/19

# Exhibit "A"

**FREIWALD LAW, P.C.**
By:   Glenn A. Ellis
gae@freiwaldlaw.com
Attorney ID No.: 93777
1500 Walnut Street
Eighteenth Floor
Philadelphia PA 19102
(215) 875-8000

*Filed and Attested by the Office of Judicial Records 27 DEC 2019 04:59 pm B. SERRATO*

Attorney for Plaintiffs

| | |
|---|---|
| ELBA JIMENEZ, as Guardian ad litem on behalf of A.J. (minor)<br>4618 Leiper Street, Apt. 2B<br>Philadelphia, PA 19124<br><br>v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA<br>44 North Broad Street<br>Philadelphia, PA 19130<br>and<br>CAMELOT EDUCATION<br>7500 Rialto Blvd<br>Building 1, Suite 260<br>Austin, TX 78735<br>and<br>ABC CORPORATION 1-through 3 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>January Term, 2019<br>No. 1988 |

<table>
<tr>
<td>

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

</td>
<td>

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

</td>
</tr>
</table>

## CIVIL ACTION - COMPLAINT

Plaintiff, Elba Jimenez, as Guardian ad litem of A.J., a minor, by and through her attorneys at Freiwald Law P.C., alleges as follows:

### I.   PARTIES

1.      Plaintiff Elba Jimenez is the grandmother and Guardian ad litem of A.J., a minor, who is an adult citizen and resident of the Commonwealth of Pennsylvania, who can be contacted through her counsel located at 1500 Walnut St., 18th Floor, Philadelphia PA 19102.

2.      Plaintiff, A.J. is a minor citizen of the Commonwealth of Pennsylvania (d.o.b. August 6, 2002), of Puerto Rican and African-American descent, who can be contacted through his counsel located at 1500 Walnut St., 18th Floor, Philadelphia PA 19102 and is currently a student at Esperanza Academy Charter High School.

3.      Defendant School District of Philadelphia is a municipal corporation or other entity organized and existing under and by the virtue of the laws of the Commonwealth of Pennsylvania.

4.      At all times material hereto, Defendant School District of Philadelphia's mission and sole goal has been to provide educational services to minor children in Philadelphia County.

5.      At all times material hereto, Defendant School District of Philadelphia adopted and enforced rules and regulations for management of school affairs and the conduct and deportment of employees and students.

6.      At all times material hereto, Defendant School District of Philadelphia has owned, operated, maintained, was responsible for, and/or otherwise controlled and is responsible for the operation of the Camelot Academy (a.k.a. Aspira Academy) located at Olney High School.

7.     At all times material hereto, Defendant School District of Philadelphia created, adopted and enforced rules and regulations for the management of school affairs and the conduct and of employees and students assigned to the Camelot Academy (a.k.a. Aspira Academy).

8.     Defendant Camelot Academy (a.k.a. Camelot Education) is a for-profit education corporation or other entity organized and existing under and by virtue of the laws of the State of Texas with its corporate headquarters located at 11629 Manchaca Road, Suite B, Austin, Texas 78748.

9.     At all times material hereto, Defendant Camelot Academy was contracted by ASPIRA Inc. to operate a transition program (a.k.a. Aspira Academy), which was a behavioral support program, in the basement level of the Olney High School building located at 100 West Duncannon Ave., Philadelphia, Pennsylvania 19120.

10.     At all times material hereto, ASPIRA Inc., managed five charter schools for the School District of Philadelphia. Over the course of the three-year period ending June 30, 2016, the ASPIRA Inc., collectively received Commonwealth funds of approximately $160 million.

11.     An audit conducted by the Commonwealth of Pennsylvania, in 2018, found that the same business office at ASPIRA, Inc.'s headquarters managed all of those funds along with its own revenues and expenditures and those of its related property-holding companies. As a result, ASPIRA, Inc. paid itself millions of dollars from the schools' public funds for the wide range of services it provided to the schools, and it did so without a sufficient check on its own control.

12.     At all times material hereto, Defendant Camelot Academy owned, operated, maintained, was responsible for, and/or otherwise controlled the transition program (a.k.a. Aspira

-3-

Academy), which was a behavioral support program, in the basement level of the Olney High School building.

13.     According to its website, the Camelot Academy is supposed to be a temporary disciplinary placement for students attending ASPIRA's Onley Charter High School in Philadelphia, Pennsylvania. Students in this program are supposed to return to their home schools with improved behavior, attendance, and academics.

14.     As a result of its contract with ASPIRA Inc., Defendant Camelot Academy was paid millions of dollars.  For example, in 2017, Defendant Camelot Academy was paid $1,107,668.00 to operate the transition program (a.k.a. Aspira Academy).

15.     At all times material hereto, Defendant Camelot Academy created, adopted and enforced rules and regulations for the management of school affairs and the conduct and of employees and students assigned to the transition program.

16.     An audit conducted by the Commonwealth of Pennsylvania, in 2018, found that there were an array of issues related to the authorization and oversight of the Camelot Academy (a.k.a. Aspira Academy), including the following:

> a.     The contracts governing the Camelot Academy (a.k.a. Aspira Academy) educational support program were not board-authorized and contained flawed terms, resulting in a lack of transparency about the costs borne by the District.
>
> b.     The procurement of the contracts related to the accelerated and transition programs, which cost $5.2 million in the three-year review period, was not open and public, and gave Aspira, Inc. an advantage in its submission of price quotes. Also, because of related-party issues, the contracts may have violated the Ethics Act.
>
> c.     In each of the fiscal years 2014 through 2016, the accelerated and transition program services were provided as part of a single contract with no delineation between the cost of each program, which reduced accountability.
>
> d.     In fiscal year 2015, the cost of the contract with Defendant Camelot jumped to $2.2 million, a 62 percent increase in costs from the prior year. Management could not

-4-

provide an explanation for this spike in cost. (The subsequent lower cost in fiscal year 2016 was due to the lower program capacity limits established in that year's contract.)

e.   The fiscal year 2016 contract with Defendant Camelot was only signed by the CEO of Aspira, Inc. and the CEO of Camelot, not by any representative of the school or board member, again hindering transparency and accountability in the use of public funds for education.

f.   The education services contracts with Camelot in fiscal years 2016 and 2017 and the contract with Aspira, Inc. in 2017 may have violated the Ethics Act because of conflicts of interest.

g.   The Superintendent hired by Aspira, Inc., whose appointment was announced at the February 2015 board meeting, was an immediate family member of a senior executive of Camelot that provided education support services throughout the three-year review period and continuing through 2017.  Consequently, this relationship should have been disclosed in an open and public forum, and public bids should have been solicited to encourage arms-length transactions, and to comply with the Ethics Act.

h.   Also, the signatures on the 2016 related party vendor contract were undated with no witness signatures. We found no evidence in Board meeting minutes that Olney's Board approved any of the contracts related to its accelerated and transition programs. Even the 2017 contract with Aspira, Inc. was not board approved.

17.   Defendant John Doe is an adult citizen of the Commonwealth of Pennsylvania

who assaulted the minor Plaintiff A.J., his identify is known to Defendants.  At all relevant

times, Defendant John Doe was a security guard at the Camelot Academy (a.k.a. Aspira

Academy).

18.   At all relevant times the minor Plaintiff A.J. was owed a duty of care in terms of

his safety and well-being while attending school at the Camelot Academy (a.k.a. Aspira

Academy).

II.   FACTS

19.   Minor-Plaintiff, for the 2016-2017 school year, was a student at the Aspira

Charter High School (formerly known as Olney High School).

20.     It should be noted that, prior to the events described below, the minor-Plaintiff was actively involved in numerous extra-curricular and sports activities at his high school. For example, the minor-Plaintiff was on the football, wrestling, and volleyball teams.

21.     It should be noted that, prior to the events described below, the minor-Plaintiff's cumulative grade point average for the first two grading quarters of the 2016-2017 school year was 89% and 82%.

22.     On January 24, 2017, minor-Plaintiff was in class at Aspira Charter High School (formerly known as Olney High School).

23.     At the end of class, pursuant to class and school policy, minor-Plaintiff asked to be dismissed so that he could use the restroom.

24.     Unfortunately, at the time the regular teacher was not present and the school had decided to use a security guard to stand in as a substitute teacher.

25.     In light of the urgency of the situation, the minor-Plaintiff A.J. begged to be allowed to use the restroom and even offered to leave his backpack to ensure that he would return to the classroom.

26.     In response the substitute teacher pushed the minor-Plaintiff A.J. and called for additional security.

27.     When Defendant John Doe, who is believed to be another member of school security, arrived he got into a verbal altercation with the minor-Plaintiff and ultimately challenged the minor-Plaintiff A.J. to a fist fight.

28.     Defendant John Doe grabbed minor-Plaintiff A.J. and attempted to push him into the hallway.

29.     Defendant John Doe grabbed minor-Plaintiff A.J. and attempted to push him into a storage closet where he had covered the camera with his jacket or where there was no camera so that he could continue his assault.

30.     After stopping his assault on the minor-Plaintiff, Defendant John Doe pushed the minor-Plaintiff to the ground and placed him in handcuffs with the hands behind the back.  Once handcuffed and with the sole purpose of inflicting pain, Defendant John Doe repeatedly lifted and dropped the minor-Plaintiff by the arms.

31.     It was only due to the intervention of a female security guard that Defendant John Doe's assault on the minor-Plaintiff A.J. was stopped.

32.     As a result of the assault the minor-Plaintiff suffered the following injuries:

a.     Assault, with its attendant physical and mental signs, symptoms, and sequellae;

b.     Anxiety;

c.     Fear and fright;

d.     Mental anguish;

e.     Post-Traumatic Stress Disorder, with its attendant physical and mental signs, symptoms, and sequellae;

f.     Past and future physical pain and suffering;

g.     Past and future mental pain and suffering;

h.     Past and future loss of life's pleasures;

i.     Past and future humiliation;

j.     Past and future embarrassment and disfigurement;

k.     Past and future lost earnings and lost earning capacity;

l.     Past and future medical expenses;

m.     Past and future noneconomic loss; and

n.     Such other ills and injuries set forth in the medical records and which will be set forth, and more fully described, as this lawsuit continues.

33.     The above incident was caught on video, which the Defendants refused to allow the Plaintiff to review.

34.     At all times material hereto, Defendant School District of Philadelphia's policies have provided that the principal is responsible for the safety of pupils during the school day.

35.     At all times material hereto, Defendant School District of Philadelphia's policies have provided that, under no circumstances may corporal punishment is defined as physically punishing a student for an infraction of the discipline policy.

36.     Use of corporal punishment is prohibited.

37.     At all times material hereto, Defendant School District of Philadelphia's policies define corporal punishment as "a form of physical discipline that is intended to cause pain and fear and in which a student is spanked, paddled or hit on any part of the body with a hand or instrument."

38.     In retaliation and in an attempt to cover up the assault, Defendants transferred minor-Plaintiff A.J. and Defendant John Doe to the Camelot Academy in the basement of Onley.

39.     Defendant John Doe continued to harass and bully the minor-Plaintiff A.J.

40.     The minor-Plaintiff A.J.'s grandmother informed the Defendants of the harassment and bullying.  Defendants did nothing to fix the situation.

40.     Finally, the harassment and bullying caused minor-Plaintiff A.J. to drop out of school.

III.   **COUNTS**

**COUNT I: NEGLIGENCE**
**Plaintiff Elba Jimenez, et al. v. Defendant School District of Philadelphia**
**and Defendant Camelot Education**

41.    The preceding paragraphs are incorporated by reference as though set forth in

their entirety.

42.    At relevant time, the District is responsible to provide security and safe guards for

children attending Philadelphia area schools and restrict access to visitors, invitees and others to

Olney High School campus and property.

43.    Defendant School District of Philadelphia was negligent as follows:

   (a)    failing to provide adequate security to protect students, visitors and
           invitees, including A.J.;

   (b)    failure to have security personnel appropriate to the task of protecting
           students, visitors and invitees, including A.J.;

   (c)    failure to have security personnel respond to the assault and battery that
           occurred on January 24, 2017;

   (d)    failure to protect A.J. from harm while she was attending Olney High
           School campus;

   (e)    failure to take all reasonable steps necessary to protect the health and well-
           being of A.J. while attending Olney High School campus;

   (f)    failure to take all reasonable steps to prevent visitors from assaulting
           students on the Olney High School campus; and

   (g)    failure to take all reasonable and necessary steps to prevent personnel of
           Olney High School from assaulting A.J.

44.    As a result of the negligence of Defendant School District of Philadelphia,

Plaintiff A.J. suffered the injuries and losses described above.

45.    The negligence of Olney High School was a substantial factor in causing the

injuries and losses sustained by A.J.

-9-

WHEREFORE, Plaintiff demands judgment against defendant and seeks compensatory and punitive damages in an amount greater than $150,000.00 (Fifty Thousand dollars) and in excess of mandatory arbitration limits, exclusive of any interest and costs.

### COUNT II: CIVIL RIGHTS
### Plaintiff Elba Jimenez, et al. v. Defendant School District of Philadelphia and Defendant Camelot Education

46.     The preceding paragraphs are incorporated by reference as though set forth in their entirety.

47.     Defendant School District of Philadelphia is a municipal entity that is subject to suit pursuant to 42 U.S.C. § 1983 and its equivalent under the Pennsylvania Constitution.

48.     Defendant School District of Philadelphia's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, et seq. or 42 Pa.C.S. § 8521, et seq.

49.     Defendant Camelot Education's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, et seq. or 42 Pa.C.S. § 8521, el seq.

50.     Defendants School District of Philadelphia and Defendant Camelot Education violated A.J.'s substantive due process right to bodily integrity, which is secured by the Fourteenth Amendment to the Constitution of the United States.

51.     At all times material hereto, Defendants School District of Philadelphia and Camelot Education acted under color of state law.

52.     At all times material hereto, Defendant School District of Philadelphia acted under color of state law by and through their agents, ostensible agents, and/or employees.

53.     The specific harm to which Defendants School District of Philadelphia and Camelot Education exposed A.J. was foreseeable and direct in that they were aware that giving

-10-

access to pupils to unidentified and otherwise unverified adults would result in harm to those pupils, including but not limited to physical and sexual assault.

54.     Defendant School District of Philadelphia's willful actions in allowing students to be supervised and educated by security personnel instead of certified teachers created a degree of culpability that shocks the conscience.

55.     Defendant School District of Philadelphia and Defendant Camelot Education acted in willful disregard to the safety of A.J. when they allowed security personnel to supervise his classroom.

56.     Defendant School District of Philadelphia's self-described commitment to create a safe, positive environment for all students formed a relationship such that A.J. was a foreseeable victim of Defendants School District of Philadelphia and Camelot Education's acts.

57.     Defendants School District of Philadelphia and Camelot Education's acts constitute a "state-created danger," rendering them liable to A.J. for violation of his civil rights.

58.     Despite their awareness of the risk of pupil assault by unidentified individuals, policymakers within Defendant School District of Philadelphia either deliberately chose not to train their employees, including Defendant Ms. Burns, regarding policies for access to pupils during the school day, or acquiesced in a longstanding practice or custom of inaction in this regard.

59.     Despite their awareness of the risk of pupil assault by security personnel, policymakers within Defendant School District of Philadelphia and Camelot Education Commission either deliberately chose not to supervise their employees or acquiesced in a longstanding practice or custom of inaction in this regard.

60.     The constitutional rights violated by Defendants School District of Philadelphia and Camelot consisted of liberty, privacy, and bodily integrity.

61.     Defendants School District of Philadelphia and Camelot Education acted intentionally or with deliberate indifference to the rights of A.J.

62.     As a direct result of the actions of Defendants as set forth above, A.J. was caused to suffer the injuries set forth in paragraph 23.

WHEREFORE, Plaintiff demands judgment against defendants School District of Philadelphia and Ms. Burns, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre and post judgment interest.

### COUNT III: ASSAULT AND/OR BATTERY

### Plaintiff Elba Jimenez, et al. v. All Defendants

63.     The preceding paragraphs are incorporated by reference as though set forth in their entirety.

64.     Defendants School District of Philadelphia and Camelot Education allowed personnel to physically assault A.J., as described above, intentionally, directly and proximately causing physical and emotional injury to him.

65.     As a direct result of Defendant School District of Philadelphia and Camelot Education's intentional, reckless and/or negligent conduct Plaintiff sustained the following damages:

        (a)     Medical expenses reasonably incurred for the diagnosis, treatment and attempted cure of her injuries, and the expense of additional treatment she will reasonably incur in the future for the treatment and attempted cure of continuing injuries;

        (b)     Physical pain, mental anguish, discomfort, inconvenience and distress that he has endured and will continue to endure in the future;

(c)     Lost wages; and

(d)     Past, present and future loss of his ability to enjoy the pleasures of life

66.     The above-described conduct of Defendant School District of Philadelphia and Camelot Education constitutes an assault, battery, harassment, bullying against Plaintiff A.J.

67.     The above-described conduct of Defendant John Doe was outrageous, and engaged in with substantial certainty that physically assaulting Plaintiff A.J. with his body would cause his serious and substantial bodily and emotional harm.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for compensatory and punitive damages in an amount greater than $150,000.00, together with interest, costs, attorney's fees and such other relief as this Court deems just and proper.

FRIEWALD LAW, P.C.

BY:     _____
        GLENN A. ELLIS, ESQUIRE
        Counsel for Plaintiff
        1500 Walnut Street, 18th Floor
        Philadelphia, PA 19102
        (215) 875-8000

Dated:  August 28, 2019

## VERIFICATION

I, Glenn A. Ellis, attorney for Plaintiff in the foregoing action, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and/or belief. I understand that false statements hereunder made are subject to the penalties of 18 Pa. C S. §4904 relating to unsworn falsifications to authorities.

GLENN A. ELLIS, ESQUIRE

Date: August 27, 2019

-15-

# Exhibit "B"

**Rufus Jennings**

| | |
|---|---|
| **From:** | Girer Rosenkrantz, Hannah <hgirerrosenkrantz@philasd org> |
| **Sent:** | Wednesday, September 04, 2019 11:56 AM |
| **To:** | Rufus Jennings |
| **Subject:** | RE: Jimenez v School District of Philadelphia - 543 27190 |

Hi Rufus,

Go ahead and remove the matter.

Thank you,
**Hannah Girer-Rosenkrantz, Esq.**
Assistant General Counsel
The School District of Philadelphia | Office of General Counsel
440 North Broad Street | Suite 313, Philadelphia, PA 19130
T. 215 400-6019

*Be Part of the Progress*

THIS MESSAGE CONTAINS INFORMATION WHICH MAY BE CONFIDENTIAL & PRIVILEGED UNLESS YOU ARE THE ADDRESSEE (OR AUTHORIZED TO RECEIVE FOR THE ADDRESSEE), YOU MAY NOT USE, COPY OR DISCLOSE TO ANYONE THE MESSAGE OR ANY INFORMATION CONTAINED IN THE MESSAGE IF YOU HAVE RECEIVED THE MESSAGE IN ERROR, PLEASE ADVISE THE SENDER BY REPLY E-MAIL, AND DELETE THE MESSAGE. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY CLIENT OR ANY OTHER PRIVILEGE.

**From:** Rufus Jennings <RJennings@dmvlawfirm.com>
**Sent:** Wednesday, September 4, 2019 11:09 AM
**To:** 'hgirerrosenkrantz@philasd org' <hgirerrosenkrantz@philasd.org>
**Subject:** Jimenez v School District of Philadelphia - 543.27190

---

**WARNING This message originated from outside the School District of Philadelphia.**

**DO NOT CLICK** links or open attachments unless you recognize the sender and are expecting the email

---

Ms Girer Rosenkrantz,

I have attached a copy of the Complaint that was filed in the above matter last week. As we discussed this morning, I would like to remove this to federal court, as there is a Section 1983 claim (Count II) alleged. Please confirm that you consent to this removal, and I will file today

I look forward to working with you in this matter.

1

Very best regards,

Rufus


Rufus A. Jennings, Esquire
**DEASEY, MAHONEY & VALENTINI, LTD.**
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone  (215) 587-9400, ext  1178
Fax. (215) 587-9456
Email. rjennings@dmvlawfirm.com